# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION ) <br> 6 Corporate Drive, Suite 650 ) <br> Shelton, CT 06484 ) <br> ) <br>    Plaintiff, ) <br>  v. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE INTERIOR ) <br> 1849 C Street NW, ) <br> Washington, DC 20240 ) <br> ) <br>    Defendant. ) | Case No. 3:24-cv-1707 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff NATIONAL SHOOTING SPORTS FOUNDATION ("NSSF"), for its Complaint against Defendant UNITED STATES DEPARTMENT OF THE INTERIOR ("DoI" or "Interior"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. in which Plaintiff seeks the immediate processing and release of agency records responsive to Plaintiff's request seeking certain described records of extraordinarily compelling and timely public and public-policy interest, following Interior's failure to comply with the express terms of FOIA. Specifically, Plaintiff seeks relief as a result of the DoI's unlawful denial of Plaintiff's request for expedited processing.

## PARTIES

2. Plaintiff is the trade association for the firearms industry. Since its founding in 1961, NSSF has sought to represent the broad scope of the hunting and shooting sports industry. Members of NSSF include manufacturers of sporting firearms and ammunition, a wide array of accessory and equipment manufacturers as well as distributors, retailers, shooting ranges and

1

many other companies and organizations in the hunting and shooting sports community. NSSF's headquarters is in Shelton, Connecticut.

3. Defendant DoI is a federal agency headquartered in Washington, DC, and it has possession and control over the records that Plaintiff seeks.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(6)(E)(iii) to review an agency's denial of requests for expedited processing.

5. The failure to make a lawful "determination" or to timely respond to a request for expedited processing is treated as a denial of expedited processing and subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii).

6. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because the Plaintiff's principal place of business is in Shelton, Connecticut.

7. Plaintiff has no obligation to further exhaust administrative remedies with respect to its request for "expedited processing" of its FOIA request. 5 U.S.C. 5 U.S.C. § 552(a)(6)(E)(iii) ("[a]gency action to deny or affirm a denial of a request for expedited processing … shall be subject to judicial review[.]" *See also ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004).

## PLAINTIFF'S FOIA REQUEST

8. On October 17, 2024, Plaintiff submitted by internet portal a FOIA request to Defendant seeking copies of various documents containing the words "Bears Ears" and certain other key words or phrases.

9. A true and correct copy of the Plaintiff's October 17, 2024 FOIA request is attached hereto as Exhibit A. A true and correct copy of the online portal through which the Plaintiff's FOIA request was submitted is attached hereto as Exhibit B.

10. As described further below, Plaintiff also sought expedited processing and provided more than adequate reasons therefore. *See also* Exhibit A.

11. Further relevant to the need for timely production of the records at issue here is that, as Plaintiff set forth in its request:

> The public urgently needs to know the Agencies' criteria and process for evaluating recreational shooting at Bears Ears Monument, as the Agencies have recently published Proposed RPM/Final Environmental Impact Statement ("Proposed Plan"), and the public protest period ends on November 4, 2024.

12. National media outlets have similarly expressed interest in the Defendant's plan to ban all recreational shooting in Bears Ears Monument, demonstrating that public interest in this topic is exceptional. As Outdoor Life noted, "The decision comes as a surprise given the lack of user conflict or safety concerns with target shooting at the site in Utah." Andrew McKean, *Final Bears Ears National Monument Plan Bans All Recreational Shooting on 1.3 Million Acres of Federal Land*, Outdoor Life (October 3, 2024), https://www.outdoorlife.com/conservation/bears-ears-recreational-shooting-ban/.

13. As Plaintiff's request noted, federal law requires the Secretary of the Interior to designate the smallest possible part of a national monument as closed to recreational shooting and must ensure such a ban lasts no longer than "the least amount of time that is required…" 16 U.S.C. § 7913 (a)(2). Yet Defendant purports to have the authority to close the entire Bears Ears Monument – encompassing over 1.36 million acres – to all recreational shooting. And the Defendant has given the public only until November 4, 2024 to object to its plan.

14. The requested records will contribute to public understanding of how the Defendant came to the conclusion that the entire Bears Ears Monument can be closed to recreational shooting, and how or whether the Defendant came to the conclusion that over one million acres of land is the smallest possible area on which recreational shooting can be banned.

15. The information sought is plainly public information subject to release under FOIA and of great public interest.

16. Plaintiff requested a waiver of its fees on the alternative bases of the public interest and Plaintiff's status as a media requester as recognized by federal agencies for FOIA purposes.

17. Plaintiff also requested expedited processing and set forth in detail the basis for granting expedited processing, including a certification that these assertions were true and correct to the best of requester's knowledge. *See* Exhibit A.

18. On October 22, 2024, Defendant acknowledged the Plaintiff's request and assigned it request number DOI-2025-000791. A true and correct copy of Defendant's October 22, 2024 correspondence is attached hereto as Exhibit C.

19. In the October 22, 2024 letter, Defendant denied Plaintiff's request for expedited processing.

20. Defendant's denial of expedited processing was in error. Emblematic of Defendant's error, but without limitation, Defendant stated that Plaintiff's request failed to "convey a particular value that is lost if [information is] not disseminated quickly and does not certify your explanation is true and correct to the best of your knowledge and belief."

21. Contrary to Defendant's assertions, the request did certify that a particular value would be lost if the information was not disseminated quickly: Plaintiff stated in its request that the DoI itself had stated that it would only allow public protest of its decision to ban recreational shooting at Bears Ears Monument through November 4, 2024. Any release of records which are expected to reveal DoI

4

acted unlawfully which takes place after November 4, 2024 will therefore not allow an effective public response to DoI's potentially unlawful behavior.

22. Also contrary to DoI's assertions, Plaintiff did certify in its request that the information it provided was true "to the best of [Plaintiff's] information and belief." This statement was made twice by NSSF in its own correspondence, *see* Exhibit A, and once by checking an appropriate box in the online portal by which the request was submitted. *See* Exhibit B (certifying that the explanation "is true and correct to the best of my knowledge and belief").

23. Defendant's FOIA regulations, found at 43 CFR 2.20, state, in pertinent part, "[t]he bureau will provide expedited processing upon request if you demonstrate to the satisfaction of the bureau that there is a compelling need for the records."

24. Defendant's FOIA regulations further state, *inter alia,* that expedited processing will be granted if: "There is an urgency to inform the public about an actual or alleged Federal Government activity" and "The requested information [is] the type of information that has particular value that will be lost if not disseminated quickly." 43 CFR 2.20(a)(2)(iii).

25. Plaintiff was entitled to expedited processing of its request both under FOIA and under DoI's own implementing regulations. Indeed, DoI granted expedited processing of an identical request seeking similar records held only the Bureau of Land Management's Utah State Office (tracking number UT-2025-003; DOI-2025-000794), even as DoI denied expedited processing for the request at issue seeking records held by another division of the same agency (i.e., the Office of the Secretary).

26. "FOIA language 'clearly indicates that judicial review is appropriate at either of two moments: when the agency has denied a request for expedited processing, or when the agency has, upon administrative appeal, affirmed the denial of such a request.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing *Al-Fayed v. CIA*, No. 00-2092,

2000 WL 34342564 (D.D.C. Sept. 20, 2000)). Although administrative appeals of denials of expedited processing are possible, "Plaintiff is not required to pursue an administrative appeal before seeking judicial review of its request for expedited processing of a FOIA request." *Id*. (citing *Elec. Privacy Info. Ctr. v. Dep't of Defense*, 355 F. Supp. 2d 98, 100 n.1 (D.D.C. 2004)).

## FIRST CLAIM FOR RELIEF
### Duty to Provide Expedited Processing

27. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as it fully set forth herein.

28. Plaintiff has sought expedited processing of its request pursuant to Defendant's expedited processing regulations and was wrongfully denied expedited processing.

29. Plaintiff has established that it is media outlet for FOIA purposes and that it is primarily engaged in the dissemination of information.

30. Plaintiff has established that its request pertains to Government activity.

31. Plaintiff has established that there is an urgency to inform the public about this Government activity and that it, as a media outlet, is in a position to do so.

32. Plaintiff has a "compelling need" because it is primarily engaged in disseminating information, and the information requested has more value at the present moment than it will in the future, for reasons set forth above and in Plaintiff's request which is attached hereto as Exhibit A.

33. Defendant's denial of Plaintiff's request for expedited processing was not in accordance with the law and does not satisfy DoI's obligations under FOIA.

34. Plaintiff is not required to further pursue administrative remedies.

35. Plaintiff asks this Court to enter a mandatory injunction ordering that the Defendant process the request at issue herein on an expedited basis.

36. Plaintiff asks this Court to enter a judgment declaring that:

a. Plaintiff is entitled to have its FOIA request, as described above, processed under the DoI's expedited track;

   b. The DoI's denial of Plaintiff's request for expedited processing was not in accordance with the law and does not satisfy the DoI's obligation under FOIA;

   c. DoI must now place Plaintiff's request, as described above, in its expedited processing track.

## SECOND CLAIM FOR RELIEF
### Costs And Fees

37. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

38. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any FOIA case in which the complainant has substantially prevailed.

39. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

   a. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

   b. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records on an expedited basis, and/or by failing to timely respond to the request for expedited processing;

c. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

d. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 25th day of October, 2024,

NATIONAL SHOOTING SPORTS FOUNDATION
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, District Ct. Bar. No. 31726
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com